IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Robert William Wazney, | ) |
|           Appellant, | ) C.A. No. 3:19-01012-HMH-KFM |
| vs. | ) **OPINION & ORDER** |
| Sharon Renee Chabassol, | ) |
|           Appellee. | ) |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Kevin F. McDonald, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Robert William Wazney ("Wazney"), a prisoner proceeding pro se, filed an appeal from orders issued by the United States Bankruptcy Court for the District of South Carolina ("Bankruptcy Court"). In his Report and Recommendation filed on December 20, 2019, Magistrate Judge McDonald recommends affirming the Bankruptcy Court's order and dismissing Wazney's appeal. (R&R, ECF No. 49.)

On January 21, 2020, Wazney filed a document titled "Objections to Judge McDonald's Testimony of Him Calling Me a Liar," which the court construed as a motion to appoint counsel. (Mot. Appoint Counsel, ECF No. 64.) The court denied the motion to appoint counsel and found that Wazney filed no objections to the Report and Recommendation. (Jan. 21, 2020

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

Order, ECF No. 65; Jan. 23, 2020 Order 1, ECF No. 67.) Wazney filed a motion for reconsideration on February 13, 2020, arguing that the document construed as a motion to appoint counsel was objections to the Report and Recommendation. (Mot. for Reconsideration, ECF No. 70.)

Out of an abundance of caution, the court vacates its January 23, 2020 Order and construes the documents filed by Wazney as objections to the Report and Recommendation. Nonetheless, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that all of Wazney's objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or merely restate his claims. Therefore, after a thorough review of the Magistrate Judge's Report and the record in this case, the court adopts the Magistrate Judge's Report and Recommendation.

It is therefore

**ORDERED** that the January 23, 2020 Order is vacated. It is further

**ORDERED** that the Bankruptcy Court's order is affirmed. It is further

**ORDERED** that Wazney's appeal is dismissed.

**IT IS SO ORDERED**.

                                            s/Henry M. Herlong, Jr.
                                            Senior United States District Judge

Greenville, South Carolina
February 25, 2020

### NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.